# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOMMY R. WHITMER, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-618-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Tommy R. Whitmer ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405 (g) seeking judicial review of Defendant Commissioner's final decision denying Plaintiff's application for disability insurance benefits under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr."), and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

**Administrative Proceedings**

Plaintiff initiated these proceedings by filing his application seeking disability insurance benefits in June, 2006 [Tr. 72 - 74]. He alleged that fatigue and standing limitations resulting from neck and back problems, hearing loss, and depression became disabling as of June 1, 2006 [Tr. 72 and 122]. Plaintiff's claim was denied and, at his

request, an Administrative Law Judge ("ALJ") conducted a May, 2008 hearing where Plaintiff, who was represented by counsel, and a vocational expert testified [Tr. 17 - 34 and 49]. In his August, 2008 decision, the ALJ found that Plaintiff retained the capacity to perform his past relevant work as a bacon packer and a rubber molder and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 9 - 16]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 5], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the Commissioner's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the Commissioner, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any

substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §404.1520(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that he has one or more severe impairments. 20 C.F.R. § 404.1512; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that he can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claims of Error**

While Plaintiff presents multiple claims of error on judicial review, remand is recommended because of the ALJ's treatment of the hearing limitations imposed by a State agency medical consultant in assessing Plaintiff's residual functional capacity ("RFC").[1] Accordingly, the remaining claims will not be addressed. *See Watkins v. Barnhart,* 350 F. 3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. § 404.1545(a)(1).

**Analysis**

State agency medical consultant Luther Woodcock, M.D., completed a Physical Residual Functional Capacity Assessment [Tr. 181 - 188] in which he found that Plaintiff had hearing limitations[2] and that he "[s]hould avoid areas with high levels of background noises and where failure to hear could endanger himself or others." [Tr. 185]. He further determined that Plaintiff should – as an environmental limitation – avoid concentrated exposure to noise. *Id.* In support of his opinions, Dr. Woodcock referenced Plaintiff's history of decreased hearing and related surgical procedures as well as the hearing examination findings of Michael McGee, M.D. [Tr. 179 - 180, 182 -183, and 185]. The ALJ specifically acknowledged and concurred with the medical consultant's opinion that Plaintiff should avoid concentrated exposure to noise [Tr. 15]. Nonetheless, he did not include it in his RFC assessment, finding instead that Plaintiff "requires face to face communication in order to understand verbal communication." [Tr. 12 and 15]. No explanation was provided by the ALJ regarding the weight – or lack thereof – given to Dr. Woodcock's opinion that Plaintiff must work in an environment where he is free from high levels of, or a concentrated exposure to, noise [Tr. 15].

Pertinent regulations of the Social Security Administration provide that

> Administrative law judges are responsible for reviewing the evidence

---

[2]In describing his hearing difficulties, Plaintiff testified that, "I read lips but I hear the sounds, and if I can put the sounds with the words and everything I can stay with the normal conversation, but when I get into a room full of people then it is no good for me." [Tr. 22].

4

and making findings of fact and conclusions of law. They will consider opinions of State agency medical . . . consultants . . . as follows:

> Administrative law judges are not bound by any findings made by State agency medical . . . consultants . . . . However, State agency medical . . . consultants . . . are highly qualified physicians . . . who are experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings of State agency medical . . . consultants . . . as opinion evidence, except for the ultimate determination about whether [a claimant is] disabled. . . .
>
> When an administrative law judge considers findings of a State agency medical . . . consultant . . . , the administrative law judge will evaluate the findings using relevant factors in paragraphs (a) through (e) of this section, such as the physician's . . . medical speciality and expertise in our rules, the supporting evidence in the case record, supporting explanations provided by the physician . . . , and any other factors relevant to the weighing of the opinions. **Unless the treating source's opinion[3] is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical . . . consultant . . . as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.**

20 C.F.R. § 404.1527(f)(2) (emphasis added). *See also* Social Security Ruling 96-6p, 1996 WL 374180.

The Commissioner does not suggest that the ALJ provided the requisite explanation of the weight given to Dr. Woodcock's opinions but, instead, provides his own explanation of why the evidence of record does not support those opinions:

> Michael McGee, M.D., a consultative physician, noted that Plaintiff's aided hearing was 10 decibels on the right and 20 decibels on the left (Tr. 180). The Commissioner points out that 30 decibels is the equivalent of a whisper or quiet library. American Speech-Language-Hearing Association,

---

[3]There is no treating source opinion in this matter.

5

> *Noise,* http://www.asha.org/public/hearing/Noise (last accessed May 13, 2011). Also, Dr. McGee found that Plaintiff's discrimination was 100% at 50 decibels on the right and 100% at 60 decibels on the left (Tr. 180). According to the American Speech-Language-Hearing Association, 50 decibels is the equivalent of a moderate rainfall and 60 decibels in the equivalent of typical conversation. *Id.*

[Doc. No. 21, p. 10].

The applicability and relevance of the Commissioner's explanation aside, the fact that it is the Commissioner's explanation rather than the ALJ's is determinative. The role of the court is to evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (citation omitted). In the absence of a reviewable explanation by the ALJ of the weight given to State agency medical consultant Woodcock's opinions, remand is required.

## **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by September 6, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 15th day of August, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE